IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Lorie W. Rogers, | ) | C/A No.: 3:11-3195-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Pilgrim's Pride Corporation, Jeff Monroe and Tina Ford, | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for judicial notice [Entry #4] and motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Entry #6] filed by Pilgrim's Pride Corporation ("Pilgrim's Pride"). Pilgrim's Pride seeks dismissal of the complaint of plaintiff Lorie W. Rogers ("Plaintiff") on the grounds that her claims against Pilgrim's Pride were discharged in its bankruptcy proceeding. After Plaintiff failed to file a timely response to the motions, the court entered an order dated December 15, 2011 [Entry #12] directing Plaintiff to advise whether she wished to continue with this case and to file a response to the motion to dismiss by December 22, 2011. The order warned that Plaintiff's failure to respond would result in the "action being decided on the record presented in support of the defendants' motion, see Local Civil Rule 7.06 DSC, or may be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b)." Plaintiff sought and obtained an extension of time within which to respond to the motion. Although Plaintiff filed no memorandum in

opposition to the motions, she did file an affidavit on January 9, 2012 [Entry #24]. Pilgrim's Pride filed a reply on January 11, 2012 [Entry #25].

All pretrial proceedings in this case were referred to the undersigned on January 1, 2012 pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned grants the motion for judicial notice and recommends the district court grant the motion to dismiss.

I.  Factual and Procedural Background

In her complaint, Plaintiff alleges she was an employee of Pilgrim's Pride from February 11, 1992 until her termination on November 3, 2008 (Compl. at ¶ 6) and was supervised by defendants Tina Ford and Jeff Monroe (*id.* at ¶ 7) (Pilgrim's Pride, Ford and Monroe are collectively referred to as "Defendants").[1] Plaintiff claims she was unfairly disciplined for mislabeling product (*id.* ¶¶ 14-17) and for underweight product production (*id.* ¶¶ 9-13), which she alleges was the result of code similarity and improper calibration of Pilgrim's Pride's scales, respectively. (*Id.* ¶¶ 14, 11). Plaintiff alleges Defendants failed to investigate the cause of the underweight product and to reverse the disciplinary action upon discovering the improper scale calibration. (*Id.* ¶¶ 11-12, 52-54, 62-65). Plaintiff further states her supervisors "circulated false and misleading information about Plaintiff's work

---

[1] The docket reflects no service of process having been effectuated on Ford and Monroe, nor any appearance having been entered on their behalf.

performance to her co-workers." (*Id.* ¶ 43). Plaintiff claims that her age, sex, and a complaint she made to the Pilgrim's Pride employee hotline motivated her supervisors to unfairly discipline her and scrutinize her performance, resulting in her termination from Pilgrim's Pride on November 3, 2008. (*Id.* ¶¶ 17-22, 24-25, 30, 35-41). She asserts claims of discrimination, retaliation, defamation, negligence, and gross negligence based on the foregoing allegations that occurred prior to her termination.

On December 1, 2008, Pilgrim's Pride filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. On December 10, 2009, the Bankruptcy Court entered a Confirmation Order [Entry #6-2] pursuant to § 1129 of the Bankruptcy Code, confirming the Debtors' Amended Joint Plan of Reorganization (the "Plan").[2] [Entry #6-3]. The Plan became effective on December 28, 2009 (the "Effective Date"). The Plan and the Confirmation Order state:

> [U]pon the Effective Date, all existing Claims against and Equity Interests in the Debtors shall be, and shall be deemed to be, discharged, terminated, and

---

[2] Although the relevant bankruptcy documents are not mentioned on the face of Plaintiff's complaint, the court takes judicial notice of these matters of public record in ruling upon Pilgrim Pride's motion to dismiss. *See Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir.1990); *see also Parker v. Homestead Studio Suites Hotel*, 2005 WL 3968291 at *1 (E.D.N.C. May 13, 2005), *aff'd*, 141 F. App'x 196 (4th Cir. 2005). The court's judicial notice of court proceedings does not convert the motion to dismiss into one for summary judgment. *See, e.g.*, *Whitt v. Wells Fargo Fin., Inc.*, 664 F. Supp. 2d 537, 542 (D.S.C. 2009) (taking judicial notice of court filings in another action in deciding a motion to dismiss; noting "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records"); *cf. infra* at 9. Pilgrim Pride's motion for judicial notice [Entry #4] is granted.

3

> cancelled, as applicable, and all holders of Claims and Equity Interests shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees, or any of their assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim, and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.

[Entry #6-2 at 43; #6-3 at 41-42].

II. Discussion

    A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

    B. Analysis

In her complaint, Plaintiff asserts discrimination, retaliation, and tort claims seeking to recover monetary damages including actual damages, consequential damages, punitive damages, attorney's fees, and costs. Pilgrim's Pride argues that Plaintiff's claims qualify as "claims" arising under the Bankruptcy Code before the Effective Date of December 28,

4

2009, and that because Plaintiff failed to file a proof of claim with the Bankruptcy Court by the General Bar Date preserving her claims, that they were discharged in bankruptcy.

1. Bankruptcy "Claim"

The principal purpose of bankruptcy is "to grant a fresh start to the honest but unfortunate debtor." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 448 (4th Cir. 2007) (internal quotations omitted). In a Chapter 11 bankruptcy proceeding, "successful completion of the reorganization process allows a debtor . . . to restructure its financial obligations, discharge its pre-existing debt, and emerge from bankruptcy with a new capital structure that better reflects financial reality." *Id.* Pursuant to 11 U.S.C. § 1141, a bankruptcy court's confirmation of a debtor's Chapter 11 reorganization plan "discharges the debtor from any debt that arose before the date of such confirmation . . . ." 11 U.S.C. § 1141(d)(1)(A); *see also Zurich Am. Ins. Co. v. Tessler*, 492 F.3d 242, 249 (4th Cir. 2007*)*. The *Bosiger* court explained as follows:

> Several provisions of the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code work in unison to ensure that debtors receive a "fresh start" after emerging from bankruptcy. First, Bankruptcy Rule 3003(c) requires that "claimants against an estate in bankruptcy . . . file timely proofs of claim in order to participate in a reorganization." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir.1995). Failure to bring forward such a claim—defined broadly as any "right to payment," *see* 11 U.S.C. § 101(5)(A) (2000)—before the claims bar date established by the bankruptcy court forfeits a claimant's right to participate in a bankruptcy reorganization. *See* Fed. R. Bankr.P. 3003(c)(3); *see also Chemetron*, 72 F.3d at 346. Second, the Bankruptcy Code specifically states that a bankruptcy court's confirmation of a restructuring plan discharges "the debtor from any debt that arose before" the confirmation of the plan. 11 U.S.C. § 1141(d)(1)(A) (2000); *see also United States v. Carolina Parachute Corp.*, 907 F.2d 1469, 1474 (4th Cir.1990). Third, the Bankruptcy Code further insulates a debtor from his

5

pre-bankruptcy obligations by stating that the discharge of debts "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2) (2000). Taken together, these three provisions prevent pre-petition creditors from hounding a debtor after restructuring, ensuring that the Bankruptcy Code provides a true "fresh start."

*Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 448–49 (4th Cir. 2007).

The undersigned finds that Plaintiff's claims against Pilgrim's Pride fall within the definition of "claim" pursuant to § 101(5)(A). In *Holcombe v. U.S. Airways, Inc.*, 369 F. Appx. 424 (4th Cir. 2010), a former airline employee brought an employment discrimination claim against his employer-debtor, and the issue before the Fourth Circuit was whether the discrimination claim was a "claim" under § 101(5)(A) at the time the employer-debtor filed its bankruptcy petition, thus requiring the employee to file a proof of claim with the bankruptcy court in order to survive discharge. *Id.* at 425, 427. The court applied the "conduct test" to determine whether the employee's discrimination claim arose prior to the employer-debtor's bankruptcy filing. *Id.* at 428. The test provides that "for a claim to arise, there need not be an immediate right to payment when the predicate acts occurred pre-petition." *Id.* The Fourth Circuit held that "all the important acts giving rise to [the employee's] . . . claim arose" prior to the filing of the employer-debtor's bankruptcy petition; therefore, the employee's "failure to file a proof of claim after receiving notice . . . means her claim . . . did not survive the discharge." *Id.* at 428–29.

In this case, Plaintiff asserts similar employment discrimination claims against Pilgrim's Pride based upon events that took place prior to her termination on November 3,

6

2008, before Pilgrim's Pride filed its petition in the Bankruptcy Court on December 1, 2008. Accordingly, the undersigned finds that Plaintiff's claims are "claims" pursuant to § 101(5)(A) for which she was required to file a proof of claim by the General Bar Date in order to survive discharge.

2. Notice to Plaintiff of Deadline to File Proof of Claim

Plaintiff did not file a proof of claim with the Bankruptcy Court by the General Bar Date of June 1, 2009, as required by Rule 3003(c) in order to participate in the reorganization process. Plaintiff may escape the preclusive effect of §1141(d) and §524(a)(2) and her failure to file a proof of claim if she did not receive adequate notice of the requirement to file a proof of claim by the General Bar Date.

Pilgrim's Pride notes that on or before April 15, 2009, a Notice of Deadline for Filing Proofs of Claim on June 1, 2009, at 5:00 p.m. PT and an associated Proof of Claim Form B10 were served on Lorie W. Rogers, 15 Wren Drive, Bishopville, SC 29010 [Entry #6-5], and that on or before December 30, 2009, the Notice of Effective Date [Entry #6-4] was served on Lorie W. Rogers, 15 Wren Drive, Bishopville, SC 29010. [Entry #6-6].

In her Affidavit, Plaintiff alleges that she "does not recall having received any documentation requiring her to file a claim in the bankruptcy proceeding filed by Pilgrim's Pride." [Entry #24-1 at ¶ 10]. She further alleges "[t]hat despite a diligent search of her records and files maintained in regard to her employment natter, she does not have any documentation indicating that she was ever served with [the notice to file a claim with the Bankruptcy Court," (*id.* at ¶ 12), and "[t]hat she has no personal recollection of having

7

received any documentation from Pilgrim's Pride or on behalf of Pilgrim's Pride, through the mail or otherwise, informing her of the need to file a claim in the bankruptcy proceeding." *Id.* at ¶ 13.

Plaintiff's general denial that she received notice of the requirement that she file a proof of claim or administrative expense claim is insufficient to overcome Pilgrim's Pride's evidence that she received adequate notice. As noted by the Fourth Circuit, the court "must presume, absent strong evidence to the contrary, that [the plaintiff] received the letters of notice mailed to [her]." *Bosiger*, 510 F.3d at 452. In *Bosiger*, the Fourth Circuit affirmed the district court's dismissal of the plaintiff's claim, holding it was barred because the plaintiff failed to file a proof of claim during U.S. Airway's bankruptcy. *Id.* at 445. The court explicitly held that the plaintiff's sworn denial that he received notice was insufficient to defeat U.S. Airway's Fed. R. Civ. P. 12(b)(6) motion.[3] *Id.* at 452-53.

The undersigned finds that the General Bar Date Notice, served on plaintiff by mail on April 15, 2009, is sufficient to establish that Plaintiff received actual notice of Pilgrim's Pride bankruptcy filing, the requirement that she file a proof of claim, the effect of failing to file a proof of claim, and the General Bar Date. Because Plaintiff did not file a proof of claim after receiving such notice, her claims have been discharged by the bankruptcy process, and she is enjoined from pursuing those claims in this court. Therefore, it is recommended that the court find that Plaintiff's claims against Pilgrim's Pride have been

---

[3] In affirming the district court's grant of the 12(b)(6) motion, the *Bosiger* court found the district court's consideration of matters outside the pleadings triggered an implicit conversion of the 12(b)(6) motion to one under Rule 56.

discharged in bankruptcy and are enjoined by the Confirmation Order. Thus, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

To the extent that the court's consideration of the General Bar Date Notice in the bankruptcy pleading is viewed as consideration of a matter outside the pleadings, the conversion of the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment in this case does not alter the undersigned's recommendation. *See Bosiger* at 450 (courts may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, allowing them to assess whether genuine issues of material fact do indeed exist). The parties have had ample opportunity to present material relevant to the question of notice. The procedural posture of this case makes Plaintiff's general denial sufficient to resolve the question of notice on the pending motion. *Id.* (plaintiff's "general denial does not constitute the strong evidence needed to overcome the presumption of receipt" and "to rule otherwise would promote the very circumvention of the bankruptcy process through subsequent civil actions that the Bankruptcy Code and Rules were designed to prevent").

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned grants the motion for judicial notice [Entry #4] and recommends the district court grant the motion to dismiss [Entry #6].[4]

---

[4] The deadlines in the scheduling order [Entry #7] are suspended pending the court's disposition of the motion to dismiss.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 14, 2012                                  Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).