IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LORIE W. ROGERS, | ) | C.A. No. 3:11-3195-CMC-SHV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON MOTION TO DISMISS |
| v. | ) | and |
| | ) | RULE TO SHOW CAUSE |
| PILGRIM'S PRIDE CORPORATION, | ) | |
| JEFF MONROE and TINA FORD, | ) | |
| _____ | ) | |

Through this action, Plaintiff Lorie W. Rogers ("Rogers") seeks to recover from her former employer, Defendant Pilgrim's Pride Corporation ("Employer"), and two former supervisors for actions which occurred during and relating to Roger's employment. That employment ended with Roger's termination on November 3, 2008.

The matter is before the court on Employer's motion to dismiss. Employer argues that Rogers' claims are barred as to it because they were discharged in a bankruptcy proceeding. That proceeding was instituted on December 1, 2008, and concluded with an order entered on December 10, 2009, which confirmed a Plan of Reorganization with an effective date of December 28, 2009.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 14, 2012, the Magistrate Judge issued a Report recommending that Employer's motion to dismiss be granted. Dkt. No. 27. Through the same document, the Magistrate Judge granted Employer's motion that the court take judicial notice of certain documents filed in the bankruptcy proceeding.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Rogers filed a timely objection on March 2, 2012, objecting to the recommended dismissal. Dkt. No. 28.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

Rogers raises three arguments in her objection. The first two arguments relate to the adequacy of Employer's proof that Rogers was given notice of the bankruptcy proceeding and the necessity for filing any claim she might have. These arguments are addressed together at Discussion § II below. Before addressing these arguments, the court addresses Rogers' third argument which challenges resolution of the issue on motion to dismiss.

2

**I.      Treatment as Motion to Dismiss**

Employer's motion relies on various bankruptcy court filings of which the Magistrate Judge took judicial notice.[1] A court may consider such matters without converting a motion to dismiss to a motion for summary judgment. *See Sec'y of State for Defence v. Trimble Navigation, Ltd.* 484 F.3d 700, 705 (4th Cir. 2007) (noting court may "take judicial notice of matters of public record" without converting a motion under Fed. R. Civ. P. 12(b)(6) to a motion under Fed. R. Civ. P. 56).

Rogers' only response to Employer's motion was an affidavit, unaccompanied by any legal argument.[2] Nothing in the affidavit suggested any challenge to the propriety of resolving the motion under Fed. R. Civ. P. 12(b)(6). Rogers submission of a responsive affidavit, nonetheless, arguably converted the motion to one for summary judgment. *See* Report at 8 (discussing *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442 (4th Cir. 2007) (affirming district court dismissal under 12(b)(6) by noting, *inter alia*, that court's consideration of matters outside the pleadings triggered an implicit conversion of the motion to one under Fed. R. Civ. P. 56)). The result is, however, the same under either rule. *See id.* at 9 (making same recommendation if motion is considered under Rule 56).

In her objection, Rogers argues that the procedural posture of this case deprives her of "a fair opportunity to prove her claims or determine the claims cannot be proven." Dkt. No. 28 at 3. She

---

[1] Rogers does not challenge the order taking judicial notice of bankruptcy court filings.

[2] As explained in the Report, Rogers failed to file *any* opposition to the Employer's motion by the deadline allowed for doing so. Dkt. No. 27 at 1-2. Her only response was a later-filed affidavit, which she submitted through counsel in response to an order directing her to advise the court whether she "wishe[d] to continue with this case and to file a response to" the motion to dismiss. Dkt. No. 12 (docket text order entered December 15, 2011, directing Rogers to respond); Dkt. Nos. 13, 14 (request and grant of extension to respond); Dkt. No. 24 (affidavit filed January 9, 2012). That affidavit sets forth Rogers' factual position that she has no recollection or record of receiving "any documentation requiring her to file a claim in the bankruptcy proceeding[.]" Dkt. No. 24 ¶¶ 10-13. Neither Rogers' affidavit nor the cover document submitted by her attorney includes any legal argument.

also suggests there are open issues "whether [she] has been afforded substantive or procedural due process at this stage of her case development given the evidence developed to date." *Id.*

These conclusory statements appear to be directed primarily to Rogers' substantive claims. She does not, in any event, suggest the need for any specific discovery *on the issue of what notice was given in the bankruptcy proceeding*, which is the only issue of fact relevant to Employer's present motion.[3] Neither does she proffer any additional evidence in support of her position that she did not receive notice. Thus, while the court agrees that the motion should be considered a motion for summary judgment under Fed. R. Civ. P. 56 in light of *Rogers'* reliance on an affidavit, it finds no impediment to ruling on that motion at this stage of the proceedings.

Because the matter will be considered under Rule 56, the court applies the following standard. Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

---

[3] Of course, if Rogers believed such discovery was necessary, she should have requested it in response to Employer's motion to dismiss and before the Report was issued. She should not have waited until she received an unfavorable Report which, as noted above, was issued only after the court *sua sponte* granted Rogers leave to file a belated response and then gave her an additional extension of time to respond.

4

Rule 56(c)(1) provides as follows:

(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

    (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

### II. Failure of Notice

Rogers argues that her claims in this matter are not "claims" covered by 11 U.S.C. § 101(5)(A) (defining claims) because she did not receive the requisite notice of the bankruptcy proceeding and necessity for filing a claim. This argument rests on a challenge to the adequacy of Employer's "evidence" that notice was provided. Specifically, Rogers argues:

> Defendant has submitted a certificate of service and a copy of the bankruptcy filings . . . as proof that Plaintiff was served with appropriate notice. However, these documents only confirm that the bankruptcy proceeding was properly filed and that notices were prepared. The certificate of service was prepared by an agent, servant, or employee of Defendant which makes it self serving; no proof of actual mailing (*i.e.* certificate of mailing from the Post Office, return receipt or other proof that the documents were placed in the U.S. Mail have been provided.

Dkt. No. 28 at 1-2.[4]

---

[4] This argument is raised for the first time in Rogers' objection to the Report. *See supra* n.1.

The certificate of service on which Employer relies was filed in the United States Bankruptcy Court for the Northern District of Texas. It is signed by Michael Paque of Kurtzman Carson Consultants, LLC ("KCC"), of El Sequndo, California who states that KCC is "the claims and noticing agent for the Debtor" and that "at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail on the service lists attached hereto[.]"[5] Rogers' name and address are contained on one of those lists. For reasons explained in the Report, this evidence raises a presumption that the notice was received by Rogers.

Rogers has pointed to no error in the listing of her name or address. Neither has she identified any legal deficiency in the certificate of service or legal authority for her suggestion that something more is required to raise a presumption of mailing and receipt. Rogers' averment that "she does not recall having received any documentation requiring her to file a claim in the bankruptcy proceeding filed by [Employer]" does not defeat the presumption of receipt for reasons addressed in the Report. Dkt. No. 27 at 7-8. Thus, this objection is without merit whether considered under Rule 12(b)(6) or Rule 56.

## CONCLUSION AS TO MOTION TO DISMISS

For reasons set forth above, the court finds Rogers objection to the Report to be without merit. Finding no plain error, the court adopts the Report and grants Pilgrim's Pride Corporation's motion, although it treats Employer's motion as a motion for summary judgment in light of Rogers' reliance on documents beyond the pleadings and other publicly available records.

## RULE TO SHOW CAUSE

---

[5] Contrary to Rogers' suggestion, KCC appears to be an entity independent of Employer. *See* Dkt. No. 30 (Employer's response at 3, n.1).

The ruling above disposes of the claims against Employer. This leaves the claims against Rogers' former supervisors, Jeff Monroe and Tina Ford (collectively "Supervisors"). Despite the passage of more than 120 days since this action was removed to this court, no proof of service has been filed indicating service on either of the Supervisors. *See* Fed. R. Civ. P. 4(m) (setting 120 day period for service). Rogers has also failed to comply with Local Civil Rule 4.01 which requires her to give the court and any earlier-served party written notice at the expiration of the 120-day period of the identity and reasons for non-service of any party who has not been served.

The court, therefore, gives notice under Fed. R. Civ. P. 4(m), that it will dismiss this action without prejudice as to Defendants Jeff Monroe and Tina Ford for non-service if Rogers does not show good cause for the failure of service within fourteen calendar days of entry of this order.

## CONCLUSION

For the reasons set forth above, Defendant Pilgrim's Pride Corporation's motion is construed as a motion under Fed. R. Civ. P. 56 and is granted. Plaintiff Lorie W. Rogers is directed to SHOW CAUSE within fourteen calendar days of entry of this order why the remaining Defendants should not be dismissed without prejudice for failure to serve them in a timely manner.

IT IS SO ORDERED.

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 12, 2012